STATE of Missouri, Respondent,

v.

Kenneth BOWMAN, Appellant.

No. 56528.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 30, 1990.

Henry B. Robertson, Public Defender, St. Louis, for appellant.

George A. Peach III, Pros. Atty., St. Louis, for respondent.

DOWD, Judge.

Defendant appeals from a jury conviction for driving while intoxicated, § 577.010, RSMo 1986. He was fined $500.00 for the offense. We affirm.

The evidence viewed in the light most favorable to the verdict consists of the following: the defendant was seen driving North on Jefferson at Gravois by a police officer. The officer observed the defendant run a red light and weave back and forth across the center line. When the officer turned on his red lights, the defendant pulled to the curb and got out of his car. As he walked from his car, the defendant was staggering and unsure of his balance. The officer smelled alcohol on the defendant's breath. To determine if the defendant was intoxicated, the officer administered several roadside tests. The defendant did not successfully complete the tests. The defendant then was taken to the police station and charged with driving while intoxicated.

On February 27, 1989 the morning of the first day of trial, defense counsel presented for the first time the endorsement of a potential witness Helen De Scheda. Ms. De Scheda was the owner of the car the defendant was driving at the time of his arrest and was a girlfriend of the defendant. On January 6, 1989, the state had provided defense counsel with a request for the disclosure of witnesses. Defense counsel claimed that the witness was unavailable and thus was not endorsed at this time because the defendant did not provide an address for her until he went out and got her himself. Since defense counsel could not contact the witness, he did not endorse her until the morning of the first day of trial. The judge sustained the state's motion to exclude the witness from testifying ruling that the endorsement was untimely and resulted in unfair surprise to the state. Earlier that morning, the state's attorney briefly interviewed the witness.

The defense's theory was that the defendant was charged with driving while intoxicated after the police officer found out the defendant, a black male, was dating a white female. Although defense counsel failed to make an offer of proof as to the exact testimony of this witness, she apparently talked to the arresting officer. The officer allegedly made comments to the witness to the effect that a black man had no business dating a white woman. But

since the witness did not testify in the offer of proof, there is no record as to the exact content of her testimony.

In his point relied on, appellant claims that the trial court erred in excluding from testifying defense witness Helen De Scheda for untimely endorsement because this was fundamentally unfair to the defendant and the state would have suffered no prejudice if she were allowed to testify.

When non-compliance with discovery rules is brought to the attention of the court, the trial court has substantial discretion to impose sanctions. *State v. Dethrow*, 674 S.W.2d 546, 549 (Mo.App.1984). Rule 25.05(A)(2) requires the defendant, upon written request by the state, to disclose the name of any witnesses except the defendant that he intends to call to testify at trial. Rule 25.16 provides sanctions for the failure to comply with discovery rules. The exclusion of the testimony of witnesses whose identity has not been properly disclosed is among the authorized sanctions pursuant to Rule 25.16. *State v. Lupo*, 676 S.W.2d 30, 33 (Mo.App.1984). The remedy of disallowing the relevant and material testimony of a defense witness essentially deprives the defendant of his right to call witnesses in his defense. This is a drastic remedy that should be used with the utmost of caution. *State v. Mansfield*, 637 S.W.2d 699, 703 (Mo. banc 1982).

The exclusion of testimony as a sanction for a violation of the discovery rules is to be tested by whether such action resulted in fundamental unfairness to the defendant. *State v. Watson*, 755 S.W.2d 644, 645 (Mo.App.1988). In determining whether the sanction resulted in fundamental unfairness, the presumption in criminal proceedings is that all errors are prejudicial, but this presumption is not conclusive and may be overcome by the facts and circumstances of the particular case. *Burton v. State*, 641 S.W.2d 95, 99 (Mo. banc 1982). To determine whether the exclusion of the witness's testimony resulted in prejudice, the facts and circumstances of the particular case must be examined including the nature of the charge, the evidence presented, and the role the excluded evidence would have played in the defense's theory. *State v. Bashe*, 657 S.W.2d 321, 325 (Mo.App.1983).

In the case at bar, the trial court excluded the testimony of defense witness Helen De Scheda because she was endorsed on the first day of trial. Defense counsel gave no reasonable justification for the late endorsement. It is inconceivable that the defendant's witness, his girlfriend who loaned him her car on the night he was arrested, could not be located before the first day of trial. Even if the witness could not be located, defense counsel had the name of this witness in his possession long before the first day of trial and should have turned this information over to the state before the first day of trial. The testimony of the witness would have been cumulative at best. The witness's mother testified to the same alleged statements by the officer that a black man should not be dating a white woman. Thus, the testimony of Helen De Scheda was not vital to the defense. The exclusion of the testimony of Helen De Scheda did not result in fundamental unfairness to the defendant. The trial court did not abuse its discretion in excluding the testimony. Point denied.

The judgment is affirmed.

SIMON, C.J. and JOSEPH J. SIMEONE, Senior Judge, concur.