**STATE of Missouri, Respondent,**

v.

**Allen McCARTER, Appellant.**

**Allen McCARTER, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 55773, 59207.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 29, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 1991.

Application to Transfer Denied
Jan. 28, 1992.

Brian N. Brown, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

This is a consolidated direct appeal and appeal from denial of defendant's Rule 29.15 motion. The indictment charged felony murder in the first degree, § 565.020.1 RSMo 1986, and armed criminal action, § 571.015 RSMo 1986. The jury's verdict convicted defendant of voluntary manslaughter in violation of § 565.023 RSMo 1986 and armed criminal action. The trial court sentenced defendant as a prior offender to a term of fifteen years imprisonment for voluntary manslaughter and consecutive life imprisonment for armed criminal action. We affirm.

Viewing the evidence in the light most favorable to the verdict the evidence is as follows. On December 8, 1987, Drumson Jones, and two others were leaving their home when defendant knocked on the neighbor's door. As the three descended the front stairs defendant confronted Jones asking, "Don't I know you?" Jones said "No." Defendant replied "Ain't you the guy who drove down on me on Natural Bridge?" Further words were exchanged. Defendant walked towards his car, Jones began to take off his sweater and walk towards his house. Defendant then said to Jones "Where are you going, Punk?" Defendant drew a gun and fired two shots at Jones. One shot hit him in the back which caused his death. Defendant drove away with another man, Jeff Cooley, who was standing near the car and witnessed the shooting.

■ On direct appeal, defendant claims the trial court abused its discretion in denying his motion for continuance. The motion was made orally on the morning of trial. It was grounded on the need for additional time to secure the testimony of a witness, the absence of which, denied him a fair trial because this witness' testimony could have served to either corroborate the self-defense theory, or, enable defendant to refrain from testifying and thus keep his criminal record from the jury.

In the oral motion, defendant alleged Cooley, an eye witness to the shooting, has not been located, has left town and has no exact address at which he can be located. Furthermore, counsel stated "We are not sure if we can ... find this man." Defendant also alleged Cooley could testify to the fact Jones threatened defendant. That testimony would corroborate testimony of defendant if he testified or alleviate the need to put defendant on the stand.[1]

■ The grant or denial of a motion for continuance rests within the sound discretion of the trial court. *State v. Sweet*, 796 S.W.2d 607, 613 (Mo. banc 1990). It will not be disturbed absent a strong showing of abuse. *Id*. Before refusal to grant a continuance will be construed an abuse of discretion defendant must demonstrate denial is prejudicial. *State v. Edwards*, 657 S.W.2d 343, 345 (Mo.App.1983).

Rule 24.09 requires, unless the adverse party consents to an oral motion, a written motion together with an affidavit setting forth the factual basis of the motion for continuance. When the ground for continuance is absence of a witness, the party requesting the continuance must state

---

1. It appears from the record that additional facts concerning the continuance may have been conveyed to the trial court off the record, which may have supported the motion. However, we can only review the record before this court.

facts showing the materiality of the testimony, due diligence upon the part of defendant to obtain the witness's testimony, the particular facts the witness will prove, and reasonable grounds to believe the attendance or testimony of the witness can be procured within a reasonable time. Rule 24.10. All of these factual matters are essential to a proper consideration of the motion and to allow appellate review.

The record in this case indicates application for continuance was made orally on the day of trial. This was insufficient on the matter well known before trial. It did not comply with the requirements of Rule 24.09. Defendant's failure to request the continuance by written motion accompanied by an affidavit is sufficient grounds to affirm the trial court's ruling. *State v. Anderson*, 785 S.W.2d 299, 302 (Mo.App. 1990). This is particularly true where the factual basis for the motion was not a last minute or unexpected surprise. We find no facts alleged or proven to establish due diligence on the part of defendant to obtain the presence of the witness. Defendant did not allege "particular facts" Cooley would prove. The motion merely contains conclusory statements of "corroboration." Moreover, defendant conceded the witness may not ever be located or produced. The trial court's denial of the motion cannot be construed as an abuse of discretion.[2] Point denied, judgment and sentence affirmed.

■ Defendant's other point pertains to denial of Rule 29.15 relief after evidentiary hearing. He alleged ineffective assistance of counsel for failure to contact and investigate an essential witness, Jeff Cooley. Defendant filed his pro se 29.15 motion on July 17, 1990. He amended that motion, pro se, on October 6, 1990. On that same day, appointed counsel filed an amended motion on defendant's behalf and incorporated the original pro se motion.[3]

■ The state claims counsel's amended motion did not incorporate defendant's pro se amended motion, which contained his allegation of ineffective assistance of counsel, and therefore, this claim is not properly before the court. To support this proposition state relies on *Pool v. State*, 634 S.W.2d 564 (Mo.App.1982). In *Pool*, the defendant filed a 122 page pro se Rule 27.26 motion. The court did not want counsel to amend the pro se motion by adding additional allegations. Rather, the court indicated counsel's amended motion should have replaced the pro se motion and "state factually in lawyerlike fashion the basis for all claims for relief under Rule 27.26." *Id.* at 566. This approach does not support the state's position that an earlier motion not incorporated in counsel's amended motion is a nullity. The court in *Pool*, merely indicated what counsel should have done, given the state of that pro se motion. Moreover, Rule 29.15(e) states that counsel's amended motion shall allege *additional* facts and grounds; and Rule 29.15(f) states *any* amended motion shall be verified and filed within thirty days of counsel's appointment. The language of the rule does not limit consideration of issues only to those contained in counsel's amended motion where the intention to incorporate is clear. Therefore, issues pleaded in defendant's amended pro se motion were properly presented to the trial court. They are properly here for review.

■ To prove a claim of ineffective assistance of counsel, appellant must show: (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order for appellant to prove that

---

**2.** We note that from the record in the 29.15 hearing that the defense had some means available to locate the witness, the witness was willing to testify and the witness had, on previous occasions, traveled to St. Louis for the purpose of testifying. However, the record would not support a finding these facts were before the trial court when it ruled on the motion for continuance.

**3.** This claim of error tends to confirm the requested trial continuance was properly denied. It rests on facts that the defense did not exercise due diligence to have Cooley available for trial.

**590**

he was prejudiced by his counsel's deficient performance, he must show but for counsel's errors a reasonable probability exists that a different outcome would have resulted. *Sanders,* 738 S.W.2d at 860–861. If a defendant fails to pass either prong, his ineffective assistance of counsel claim will fail. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066.

Cooley testified at the 29.15 hearing. Defendant's girlfriend gave him defense counsel's telephone number. He called the number on two occasions and left messages on the answering machine both times. He did not, however, leave a phone number where he could be reached. He returned to St. Louis for the purpose of testifying on the Monday of defendant's trial week, but returned to Chicago without testifying when he did not come into contact with defense counsel. He was standing approximately ten yards from the car when the argument between defendant and victim took place. Jones began making "motions like he is ready to fight." Defendant was on his way to the car when Jones said "you don't talk to me like that, you don't call me nigger" and "I'm going to kill you." He also stated defendant saw Jones running towards the house immediately after Jones said he was going to kill defendant. "When he [defendant] noticed him [Jones] on the way into the house, he turned around and shot twice." Cooley felt defendant did not approach Jones in a violent fashion, that Jones was the first one to become upset and Jones was using aggressive and foul language. Defendant was actually leaving until Jones started towards the house and at that point defendant "stopped, spinned around and fired a couple of shots." Cooley also testified that he did not think defendant could have stopped and thought about what he was doing.

■ There is no reasonable probability that a different outcome would have resulted had Cooley testified at trial. In order to prove self-defense defendant must show (1) a reasonable belief that he was in imminent danger of harm; (2) the force used was that which he reasonably believed necessary to protect himself; (3) the force used would not knowingly create a substantial risk of death or serious bodily injury unless defendant reasonably believed that he was in such danger; and (4) such force was necessary to protect himself. MAI–CR 3d 306.06.

Cooley's testimony does not support a self-defense theory. Cooley's testimony would not support a finding of imminent danger, nor a reasonable belief of such. Rather, the testimony shows no visible signs Jones possessed a weapon; Jones' direction of movement was away from defendant; and that defendant started to leave and shot as Jones headed for the house. Even if Jones ran for the house to get a weapon, as Cooley said he believed, Cooley's testimony indicates it was unnecessary for defendant to shoot at that moment to protect himself. Cooley's testimony opposes rather than supports any pretense of imminent danger. In short, there was no evidence to the immediacy of the danger to defendant or that defendant did everything in his power, consistent with his safety to avert the necessity. *State v. Young,* 510 S.W.2d 732, 734 (Mo.App.1974).

There is a second reason Cooley's testimony, if used to submit a justification defense or to corroborate defendant, is insufficient to support defendant's theory of self-defense. Self defense was not defendant's real theory. His testimony claimed an absence of intent. On cross-examination defendant repeatedly testified he only shot in the direction of Drumson Jones. He testified, "I shot in that direction not trying to kill this man, no, I didn't. I just wanted to scare him so I could get away from there. He's telling me he's going kill me." The self defense theory concedes an intent to wound made necessary by danger of death or serious injury. Defendant was not entitled to two conflicting defenses. *See, State v. Jones,* 462 S.W.2d 715, 718–719 (Mo.1971). Defendant's testimony refutes a reasonable belief force actually used was necessary to protect himself, it indicates the requisite intent to harm is lacking. *Id.* at 719.

We conclude Cooley's testimony would not have benefitted defendant because it does not support a self defense theory and was inconsistent with defendant's own testimony. Counsel may not be found ineffective for failure to produce evidence which would not benefit the defense because there can be no prejudice.

We affirm.

SMITH, P.J., and AHRENS, J., concur.