William **HANES**, Movant/Appellant,

v.

**STATE of Missouri,**
**Defendant/Respondent.**

No. 58764.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 18, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 24, 1992.

Christopher P. Cox, Leo N. Griffard, Sindel & Sindel, P.C., Clayton, for movant/appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for defendant/respondent.

CRANE, Judge.

Movant William Hanes appeals from the order of the Circuit Court of St. Louis County following an evidentiary hearing which denied his Rule 27.26 motion for post-conviction relief. He asserts that he was denied effective assistance of counsel. We affirm.

Movant was convicted by a jury of capital murder in violation of § 565.001 RSMo 1980 [repealed]. The trial court sentenced him to life without the possibility of parole for fifty years. This sentence was vacated upon stipulation of the parties that movant's trial counsel was ineffective for failing to file a timely motion for new trial and notice of appeal. Movant was subsequently resentenced and filed a direct appeal. We affirmed the judgment of the trial court in *State v. Hanes*, 729 S.W.2d 612 (Mo.App.1987). Movant subsequently moved for relief under Rule 27.26 [repealed], alleging ineffective assistance of counsel. After an evidentiary hearing, the motion court filed its Findings of Fact, Conclusions of Law and Order denying relief. Movant appeals from this order.

Our review of an order denying post-conviction relief is limited to determining if the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). The order is clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has

been made. *Jones v. State,* 773 S.W.2d 156, 157–158 (Mo.App.1989); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986).

In this appeal movant challenges the motion court's rulings denying his several claims of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a movant must show, by a preponderance of the evidence, both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To prove deficient performance a movant must show that counsel's acts or omissions were outside the range of professionally competent assistance. *Id.* In determining whether counsel's performance was deficient, the inquiry must be whether, in light of all the circumstances, counsel's assistance was reasonable. *Jones,* 773 S.W.2d at 158. In order to show prejudice, a movant must show there was a reasonable probability that, but for the errors by movant's attorney, the jury would have had a reasonable doubt respecting movant's guilt. *State v. Childers,* 801 S.W.2d 442, 447 (Mo.App. 1990).

For his first point movant contends that he received ineffective assistance of counsel because his counsel failed to file a motion *in limine* to exclude evidence of a plot by movant to kill his wife in order to collect insurance proceeds. Movant further claims that his counsel was ineffective for failing to request a corrective instruction or a mistrial after the prosecutor repeatedly attempted to elicit this evidence.

These contentions were not raised in movant's 27.26 motion and were not addressed by the motion court in its findings. Although at the evidentiary hearing trial counsel did testify that he had not filed a motion *in limine,* this testimony standing alone did not raise the issue for consideration by the trial court. Because the motion court did not have an opportunity to consider this contention we decline to review it. *Mallett v. State,* 716 S.W.2d 902, 905 (Mo. App.1986).

In addition, the relevancy and prejudicial effect of this evidence was raised on direct appeal. *Hanes,* 729 S.W.2d at 619. We found that movant's trial counsel objected successfully to most of this evidence and, in any event, the line of questioning was relevant to establish motive. We held that no manifest injustice resulted from the prosecuting attorney's questions and the elicited answers. An issue previously considered on direct appeal cannot be relitigated in a post-conviction proceeding by transforming it into a claim of ineffective assistance of counsel. *Hannah v. State,* 816 S.W.2d 1, 3 (Mo.App.1991). A finding that a defendant has not suffered manifest injustice under the plain error rule serves to conclusively establish a finding of no prejudice under the test for ineffective assistance of counsel. *Clemmons v. State,* 785 S.W.2d 524, 530 (Mo. banc 1990). Point one is denied.

Movant next claims he was denied effective assistance of counsel because his trial counsel failed to call his mother as a witness. Movant contends that his mother's testimony would have impeached that of Clayton police captain James Humphrey. Humphrey testified that while movant was in police custody he telephoned his mother, told her where to find some stolen property and told her to give it to the police. He testified that movant also stated "No, mom, that is not all. It's worse. Please tell Allison to bring my medication and please send my prayerbook and pray for me." Humphrey further testified that that was the extent of the conversation. In closing argument the state characterized this conversation as a confession and pointed out that movant did not tell his mother that he did not do it. At the motion hearing movant's mother testified:

Bill had asked me on the phone, "Will you please bring my medicine or have Allison bring my medicine and my prayer book to the County Jail," and I said, "Yes." Then I said Bill, I said, "Is that all?" And Bill says, "Oh, Mom, Mom," and he says, "They're accusing me."

Movant contends his counsel was ineffective in not calling his mother at trial

to testify to her version of that conversation. To demonstrate ineffectiveness in failing to call a witness to testify, a movant must establish that the attorney's failure to call the witness was something other than reasonable trial strategy. *Terry v. State,* 770 S.W.2d 723, 724 (Mo.App.1989). In addition, a movant must establish that the witness could have been located through reasonable investigation, that he would have testified if called and that his testimony would have provided a viable defense. *Childress–Bey v. State,* 779 S.W.2d 697, 699 (Mo.App.1989). Movant cannot demonstrate that trial counsel's failure to call movant's mother was something other than reasonable trial strategy. Trial counsel had had numerous conversations with the mother, and told her to remain outside the courtroom in case he decided to call her to testify. The choice of witnesses and defense tactics are ordinarily matters of trial strategy and will not support a claim of ineffective assistance of counsel. *Hannah,* 816 S.W.2d at 4. A decision not to call a witness is virtually unchallengeable. *Childress v. State,* 778 S.W.2d 3, 6 (Mo.App. 1989).

In addition, the testimony of his mother would not have provided movant with a viable defense. The two accounts of the telephone conversation differ only slightly. At most, the testimony would constitute minor impeachment of Humphrey's testimony; it would not have provided movant with a defense. Thus it does not support a claim of ineffective assistance of counsel. *See, Allbritton v. State,* 747 S.W.2d 687, 689 (Mo.App.1988). Point two is denied.

■ For his third point movant contends that he was denied effective assistance of counsel when his trial attorney failed to ask state's witness Robert Sprouse during his deposition whether he had ever mentioned the word "Energine" to police. Movant claims that but for this error the result of his trial would have been different because the state argued that only the killer would know the name of the substance injected into the victim.

At trial Sprouse testified that movant first mentioned the word "Energine" to the police. Movant's trial counsel thoroughly cross-examined Sprouse at trial about the date Sprouse had first mentioned the word "Energine" to police. If Sprouse had been asked these questions at his deposition and answered differently at trial his deposition testimony would at most have impeached his trial testimony; it would not have provided movant with a defense. *Allbritton,* 747 S.W.2d at 689. Point three is denied.

■ Movant next asserts that the motion court erred in disallowing the testimony of two witnesses who, if allowed to testify, would have stated that Robert Sprouse told them that he had lied about movant's involvement in the murder. The motion court sustained a hearsay objection to this testimony. Without deciding whether this testimony would have been admissible under an exception to the hearsay rule or whether any error was properly preserved, we hold the motion court did not err in sustaining the objection. The proffered testimony went to the merits of movant's defense. It was newly discovered evidence relating to the question of movant's guilt. The sole purpose of a post-conviction proceeding is to determine whether the proceeding which led to movant's conviction was violative of any constitutional requirements or if the judgment of conviction is otherwise void. *Wilson v. State,* 813 S.W.2d 833, 834 (Mo. banc 1991). The proceeding is not the proper vehicle to relitigate a movant's guilt or innocence. *Id.* Thus newly discovered evidence on the question of guilt is not cognizable in a post-conviction proceeding. *Id.* at 835. Point four is denied.

For his fifth point movant contends that he was denied effective assistance of counsel in that his trial counsel failed to prepare for trial, conduct adequate investigation, consult with movant, and interview and call several witnesses. Specifically, with respect to trial preparation and investigation, movant claims that his trial counsel consulted with him for only two hours, did not return telephone calls or letters, and did not allow movant to discuss the relevant facts of the case. He further contends that his counsel never provided him with

copies of the police reports, depositions, the list of state witnesses or other investigative documents.

The motion court found that trial counsel obtained copies of all police reports and provided the reports to movant's mother with the understanding that she would give them to movant and that trial counsel met with movant four times for a total of more than two hours in jail and two other times at the County Courthouse and spoke with movant on the phone numerous times. The motion court further found that, during the course of these conversations, trial counsel discussed the state's case and possible defenses and that trial counsel believed from movant's comments that he was aware of the contents of the police reports. The motion court found that trial counsel conducted an independent investigation of the case and personally interviewed the state's witnesses, lay witnesses and movant's coworkers. These findings are supported by the record and are not clearly erroneous.

Movant next maintains that his counsel was ineffective in failing to investigate and call four potential witnesses, his mother, his wife, Gary Smith and Gary Seiner. We have addressed movant's claim with respect to his mother. Movant claims his wife should have been called to testify that she had no life insurance and movant would inherit nothing upon her death, and that movant was aware of these facts. Movant claims that Gary Smith would have testified to Sprouse's violent personality and movant's good character, and that Gary Seiner would have rebutted the state's allegation that movant often went to Chicago to sell stolen merchandise. The motion court found that prior to trial movant and his counsel discussed witnesses to be called at trial, and counsel decided to call six witnesses who he felt would benefit movant. The motion court further found that counsel discussed other potential witnesses and their testimony with movant but chose not to call additional witnesses as matters of trial strategy.

The choice of witnesses is ordinarily a matter of trial strategy and will not support a claim of ineffective assistance of counsel. *Hannah,* 816 S.W.2d at 4. The motion court's finding that trial counsel's decision not to call additional witnesses was a matter of trial strategy was supported by the record and was not clearly erroneous. Movant was not prejudiced or deprived of constitutional rights by his trial counsel's performance. Point five is denied.

The judgment of the motion court is affirmed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.