**STATE of Missouri, Respondent,**

v.

**Rigoberto LOPEZ, Appellant.**

**Rigoberto LOPEZ, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 57704, 59973.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 30, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Michael Leonard Lyons, St. Louis, Cheryl Rafert, Clayton, for appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Asst. Atty. Gen., Jefferson City, for respondent.

STEPHAN, Judge.

Rigoberto Lopez appeals from the judgment of the trial court sentencing him as a prior and persistent offender to a total of twenty-five years imprisonment and a $200.00 fine after a jury found him guilty of forcible sodomy, attempted forcible sodomy, two counts of felonious restraint and two counts of third degree assault. The jury acquitted him on two rape counts. He also appeals the denial of his Rule 29.15 motion after an evidentiary hearing. The appeals have been consolidated pursuant to Rule 29.15(*l*). We affirm.

Appellant does not challenge the sufficiency of the evidence. Thus, when viewed in the light most favorable to the verdicts, the evidence adduced at trial established the following scenario.

Connie West had known appellant some nine months and had lived with him as his girlfriend for a short time. He had kicked her out of his place before Christmas 1988 because, although he admitted having sup-

plied her with cocaine, he disapproved of her drug habit. On January 7, 1989, about five o'clock in the evening, she went to his residence, apparently to buy drugs. After she bought the drugs, he took them away from her and began beating her. He hit her head with his fist. Many other people were in the house and two men intervened to stop the beating. She went in the bathroom and threw up. Appellant followed her into the bathroom and told her she was going with him. When she protested, he grabbed her head and banged it against the wall. Frightened, she left his house with him and four other people, two women named Tanya and Patricia and two men, Miguel Gonzalez and Humberto Fernandez. They walked to a nearby pay telephone where Patricia called a cab.

As Cynthia Brown approached a small food shop at the corner of Arsenal and Minnesota in the City of St. Louis, she saw appellant, Connie West and several other people standing nearby. Appellant called out to her and asked her to "go party." When she refused, he hit her in the face with his fist and took her by the arm into the store. Connie remained outside crying, according to appellant. Tanya left the group. Appellant and Cynthia Brown came out of the store and joined those remaining, including Connie West.

After the cab pulled up, appellant (still holding Cynthia's arm) told her to get in the cab. Both Cynthia and Connie obeyed him. Humberto, Miguel, and Patricia also got in the cab with Connie, Cynthia and appellant. Appellant then directed the driver to the Carousel Motel in north St. Louis. En route to the motel, the cab stopped at a liquor store. All but Humberto, Connie and the taxi driver alit from the cab. Connie locked the cab's doors and asked the driver to leave. Appellant approached the cab from the driver's side, unlocked the doors, punched Connie and tried pulling her from the cab. Humberto calmed him down and everyone got back into the cab again. They arrived at the Carousel Motel and the cab driver dropped them off in the motel's back parking lot. Appellant again struck Connie, causing her to fall. As soon as the men and women got

to the motel room, Patricia disrobed and Cynthia sat down. Appellant continued to hit Connie. While the others remained in the bedroom, Connie and appellant then went into the bathroom. He banged her head repeatedly against the bathroom wall, punched her again in the face, and hit her with his belt. Appellant admitted at trial spanking her with his belt. Connie also testified at trial that appellant raped her when they were in the bathroom.

Appellant then left the bathroom and told Cynthia to have sex with one of the other men in the room. When she refused, he bit her three times on her back, hand and buttocks and hit her with his belt. Cynthia ran to the door and down the stairs outside to the parking lot. Appellant chased her, grabbed her and, clapping his hand over her mouth, forced her back to the motel room. He continued to beat her, striking her head with a bottle. She swung her foot up and he hit her foot, breaking her toe. Appellant admitted at trial that he had hit and bitten Cynthia.

Connie, whose face was badly bruised, entered the bedroom from the bathroom and lay down on one of the beds. Appellant lay down beside Connie, with Cynthia on the other side of him and forced Connie to put her mouth on his penis. He also tried to force Cynthia's head down toward his penis and when she resisted, he placed her hand on his testicles and directed her to fondle him. Eventually, Cynthia moved off the bed to a corner of the room and Connie and appellant fell asleep. Cynthia asked one of the other men present if she could leave but he said no. The police arrived later and arrested the men after a scuffle with appellant and took Connie and Cynthia to the hospital.

In his first point, appellant claims the trial court erred in overruling his oral motion for a continuance in order to produce Faith Marshall, a defense witness, and in overruling his motion to make a late endorsement of Regina Corpus, another defense witness. Counsel indicated that Faith Marshall (in whose residence appellant also lived) would testify that, when she returned to her address on January 7, 1989,

Connie West was there and voluntarily went with appellant to the motel, rebutting Connie's account that appellant forced her to go with him to the motel.

Appellant's claim of error on the denial of his continuance lacks merit on both procedural and substantive grounds. The procedural shortcoming is noncompliance with Rules 24.09 and 24.10. Rule 24.09 requires that a request for continuance be in writing and verified unless the adverse party consents to an oral motion. Rule 24.10 dictates the requisite contents of a written motion. Our review of the record discloses neither a written, properly verified motion with specific allegations nor any consent by the State's attorney to an oral motion for continuance. Defendant's failure to request the continuance by written motion accompanied by an affidavit is sufficient grounds to affirm the trial court's ruling. *State v. McCarter*, 820 S.W.2d 587, 589 (Mo.App.1991).

Even were we to excuse the procedural shortcomings, appellant's complaint still has no merit. The grant of a motion for continuance rests within the sound discretion of the trial court. *Id.* at 588. It will not be disturbed absent a strong showing of abuse. *Id.* Before refusal to grant a continuance will be construed an abuse of discretion, defendant must demonstrate the denial is prejudicial. *Id.* No prejudice has been shown nor can we discern any prejudice by the failure to grant a continuance to secure the testimony of defense witness Faith Marshall. Both appellant and Connie West testified about who was present at appellant's place the night of January 7, 1989. Neither mentioned Faith Marshall. Faith Marshall's testimony that she was present is of little assistance to appellant when it contradicts his own account of the evening's events.

The second part of appellant's first point focuses on the trial court's failure to permit the late endorsement of Regina Corpus, another prospective witness for the defense. The trial court possesses broad discretion in permitting late endorsement of witnesses. *State v. Sweet*, 796 S.W.2d 607, 613 (Mo. banc 1990). The ex-

clusion of the testimony of witnesses whose identity has not been properly disclosed is among the authorized sanctions pursuant to Rule 25.16. *State v. Bowman*, 783 S.W.2d 506, 507 (Mo.App.1990). The remedy of disallowing the relevant and material testimony of a defense witness essentially deprives the defendant of his right to call witnesses in his defense. *Id.* This is a drastic remedy that should be used with the utmost of caution. *Id.* Nevertheless, the imposition of the sanctions provided for in Rule 25.16, including exclusion of witnesses, remains within the discretion of the trial court and will be disturbed on appeal only when the sanction results in fundamental unfairness to the defendant. *State v. Watson*, 755 S.W.2d 644, 645 (Mo.App. 1988).

In determining whether the sanction resulted in fundamental unfairness, the presumption in criminal proceedings is that all errors are prejudicial, but this presumption is not conclusive and may be overcome by the facts and circumstances of the particular case. *Bowman*, 783 S.W.2d at 507. To determine whether the exclusion of the witness's testimony resulted in prejudice, the facts and circumstances of the particular case must be examined including: (1) the nature of the charge; (2) the evidence presented; and (3) the role the excluded evidence would have played in the defense's theory. *Id.*

In the case at bar, appellant's request for the late endorsement occurred on the second day of trial after the State's two primary witnesses, the victims Connie West and Cynthia Brown, had testified. The following transcript excerpt reflects the proceedings held in the judge's chambers concerning the late endorsement:

[DEFENSE COUNSEL]: The defense has offered an endorsement on the 31st of October. The endorsement on behalf of the defendant is a woman named Regina Corpus [sic]. Defendant would like to call Regina Corpus at trial to testify to what has previously been discussed in chambers with both the prosecutor and the judge present. This would go to my

theory of both consent of and the victim Connie West's presence there in the motel room the night of January 7th. And I would ask that she be allowed to testify on behalf of the defendant.

THE COURT: As the Court understands it, this witness would testify that sometime prior to the arrest of the defendant in this cause for the charges now pending in this court, that one of the alleged victims was approached and offered five hundred dollars and some controlled substance if she would find a way to remove the defendant from the drug scene.

First of all, all of this would be hearsay testimony. Secondly, the witness—the defendant just informed Counsel of the witness on this the 31st day of October, the second day of trial, and he has been confined and represented by counsel since January 7th, 1989.

And furthermore, this testimony would, if—would not be relevant to the charges pending in this court as substantial evidence. It may have some effect as to the credibility of the witnesses testifying. But the request to endorse and call the witness is denied based upon what the Court has stated on the record.

[CIRCUIT ATTORNEY]: Your Honor, would the record further reflect that this endorsement or attempted endorsement and request to call this witness comes after both Connie West and the other victim in the case, Cynthia Brown, has testified in court?

THE COURT: Let the record so reflect.

■ No further discussion or offer of proof to support the late endorsement appears in the transcript. When a prospective witness is precluded from testifying, the proper procedure is for the person protesting such exclusion to preserve the anticipated evidence by an offer of proof in the form of questions and answers, or a summation by counsel of the proposed testimony, which should also demonstrate why such testimony was admissible. *State v. Forshee*, 723 S.W.2d 480, 482 (Mo.App. 1986). To excuse this shortcoming, appel-

lant points out that, where the offered testimony has been identified and its relevance has been explained, the lack of a formal offer of proof has been held not to be fatal. *See State v. Williams*, 724 S.W.2d 652, 656 (Mo.App.1986). *Williams*, however, is distinguishable because it involved the failure to make an offer of proof where defendant's counsel sought to produce certain evidence through cross-examination, unlike the case at bar where defendant's counsel attempted to produce a witness to testify on defendant's behalf. The distinction turns on counsel's knowledge of what the witness will say.

Although the absence here of a formal offer of proof handicaps us, the trial court's synopsis is sufficiently detailed to enable us to determine whether the exclusion of the testimony of Regina Corpus resulted in fundamental unfairness. The trial court's summary also reflects that, sometime prior to the in-chambers discussion about the endorsement, the parties had apparently discussed this matter with the judge off-the-record.

Regina Corpus presumably would have testified about her personal involvement in a plan to bring false charges of rape against appellant and about her observations concerning Connie West's involvement in such a scheme. The trial judge stated that Regina Corpus would testify that "one of the alleged victims was approached and offered five hundred dollars and some controlled substance if she would find a way to remove the defendant from the drug scene," and that he was excluding her testimony on grounds of hearsay, late endorsement and relevance. The trial court was also well-aware of the potential impeachment value of the proffered testimony because the court specifically recognized the testimony might have some effect on the credibility of victim Connie West.

The effect of the exclusion of this evidence upon appellant's conviction, however, cannot reasonably be said to have resulted in "fundamental unfairness." Appellant himself stated that Connie West deliberately provoked his anger by calling him a prostitute in front of his new girlfriend and

by using drugs so that he repeatedly struck her and beat her with his belt. The testimony of Regina Corpus to the effect that Connie West deliberately provoked appellant's criminal assault added little, other than a bad motive for Connie West's actions. That the jury fairly weighed West's credibility, even without the benefit of testimony by Regina Corpus, is evidenced by the jury's acquittal of appellant on the rape charge, despite Connie West's claim of rape and her evidence to the contrary. Finding no fundamental unfairness, we do not believe the trial court abused its discretion in denying the late endorsement. Appellant's first point is denied.

Appellant's second point alleges the trial court erred in permitting the State to argue during its closing argument that appellant had not explained one of his statements to the police. He contends such argument shifted the State's burden of proof and was an impermissible comment on appellant's right to remain silent. He concludes that the reference to a defendant's post-arrest silence warrants reversal.

We note at the outset that appellant did not preserve this issue for appellate review. He made no objection at trial and failed to raise this particular claim of error in his motion for new trial. Thus, we review only for plain error. Rule 29.12(b).

Appellant complains about certain remarks made by the State's attorney during closing argument. The portion of the transcript to which appellant refers finds the assistant circuit attorney paraphrasing defendant's trial testimony as follows:

[CIRCUIT ATTORNEY]: "After I get done with this therapy of Connie in the bathroom, I come out and Cindy has got this red face on, and she runs out of there like a crazy person. And she gets to the bottom of the stairs, she falls down and says, 'Help me.' And what's my reaction to that? 'What are you trying to do, get us in trouble with the police?'"

Well, ladies and gentlemen, he, according to his own testimony, other than he had hit Connie, but he said that was part of his deal or therapy, that wouldn't get him in trouble with the police if that's what happened. If that's reasonable, it that's—conforms with your sense of common sense. *He could have told the police, "Hey, look, I'm just trying to keep her off the drugs." He didn't want to do that.* He wanted to keep her in the hotel room, because he knew what went on inside, and he knew Cindy had been there when it happened.

So he takes her back in, and he beats her. Now, the defense is, "I helped her up the stairs, because she'd fallen down." Is that reasonable? And then there's no sex the whole time. "And then it gets to be about 7:00, and I'm laying on the bed, and this girl that I've just hit several times and whipped several times lays in my arms voluntarily, and I fall asleep. And the next thing I know, the cops arrive, and gee, I hit one of them. Yeah, they beat me up".

(Emphasis ours.)

Appellant apparently is focusing upon the circuit attorney's argument that "[h]e could have told the police, 'Hey, look, I'm just trying to keep her off the drugs.' He didn't want to do that." Appellant characterizes these comments as an "argument that appellant had not given the police an explanation of one of his statements" and that such argument "constituted an impermissible comment on appellant's right to remain silent."

We disagree. The circuit attorney's remark that "[h]e could have told the police" does not refer to appellant's post-arrest silence. When the comment is reviewed in the context of the entire argument, it is clear that the circuit attorney was emphasizing the flaws in appellant's version of the events of that night and the lack of credibility in his account. The circuit attorney appeared to be arguing that appellant's reason for pulling Cynthia Brown back into the hotel room—to avoid "trouble with the police"—was specious, because appellant's real motive was only his concern that Cindy Brown had witnessed some of the sordid events in the hotel room. The circuit attorney seemed to be suggesting that, had the police in fact arrived at the hotel at that

point, appellant might have explained his beating of Connie West as his way to keep her off drugs. Nothing in the circuit attorney's remarks can be construed as a reference, either direct or veiled, to post-arrest silence by appellant. Furthermore, nowhere in the record is there any mention of appellant ever having made or not making, any statements to the police after his arrest. Point denied.

Appellant's third and final point is directed to the denial of his Rule 29.15 motion. Appellant argues that the motion court erred in not finding trial counsel ineffective for failing to call · several crucial defense witnesses.

█ Our review of an order denying post-conviction relief is limited to a determination whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j). The order is clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Hanes v. State*, 825 S.W.2d 633, 634 (Mo.App.1992).

█ To prevail on a claim of ineffective assistance of counsel, a movant must show, by a preponderance of the evidence, both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To prove deficient performance a movant must show that counsel's acts or omissions were outside the range of professionally competent assistance. *Id.* In determining whether counsel's performance was deficient, the inquiry must be whether, in light of all the circumstances, counsel's assistance was reasonable. The presumption is that trial counsel is competent. *Sloan v. State*, 779 S.W.2d 580, 582 (Mo. banc 1989), *cert. denied*, 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990). In order to show prejudice, movant must show there was a reasonable probability that, but for the errors by movant's attorney, the jury would have had a reasonable doubt respecting movant's guilt. *Hanes*, 825 S.W.2d at 635.

Appellant claims counsel was ineffective in failing to present Humberto Fernandez, Miguel Gonzalez, Larry Nolan, Regina Corpus and Julio Perez as defense witnesses at his trial. Appellant alleged in his Rule 29.15 motion that both Humberto Fernandez and Miguel Gonzalez were with him and the victims in the hotel the night of the incident on January 7, 1989, and could have testified that they did not witness a sodomy or felonious restraint of either victim. Appellant also alleged that Larry Nolan could have testified that Cynthia Brown told him that appellant did not have sex with her January 7, 1989, and that she testified against appellant in exchange for favorable treatment on unrelated criminal charges pending against her. He further contended that Regina Corpus would have testified that she and Connie West were offered $500.00 by a man with a grudge against appellant to set up appellant on rape charges. She received $200.00 and also saw Connie West receive $200.00 as part of this scheme. While Regina Corpus decided to renege, Connie West told her that she intended to go through with the plan for the women to take appellant to the motel, have sex with him, provoke him to beat them and then tell the police that appellant had raped them. Appellant also stated in his Rule 29.15 motion that Julio Perez would have testified that he had not asked Connie West to go to appellant's house on January 7, 1989.

█ Appellant contends his counsel was ineffective in not calling these witnesses to testify at his trial. To demonstrate ineffectiveness in failing to call a witness to testify, a movant must establish that the attorney's failure to call the witness was something other than reasonable trial strategy. *Hanes*, 825 S.W.2d at 636. In addition, a movant must establish that the witness could have been located through reasonable investigation, that he would have testified if called and that his testimony would have provided a viable defense. *Id.*

█ Appellant himself acknowledged at his evidentiary hearing that he did not know until *after his trial* that Larry Nolan had any information. Furthermore, appel-

lant admitted that he had not told his trial counsel about Larry Nolan. Trial counsel is not ineffective for failing to call a defense witness when neither the identity of, nor the nature of the testimony of, this witness is disclosed to counsel.

Appellant's trial counsel testified that at the evidentiary hearing that she did not call Miguel Gonzalez in appellant's behalf as "a matter of strategy" because she believed, based upon a review of his grand jury statements, that his testimony could have been harmful. She added that she had discussed this with appellant. The choices of witnesses and defense tactics are ordinarily matters of trial strategy and will not support a claim of ineffective assistance of counsel. *Hanes*, 825 S.W.2d at 636. A decision not to call a witness is virtually unchallengeable. *Id.* Appellant's trial counsel was not ineffective in deciding not to call a witness potentially destructive to appellant's defense.

Both trial counsel and appellant testified at the post-conviction hearing that appellant had not disclosed the name of Regina Corpus prior to appellant's trial. Trial counsel attempted to endorse Regina Corpus on the second day of appellant's trial sometime after the selection of the jury, as soon as counsel learned of this witness. By deposition, Regina Corpus attested that she had actually arrived on the first day of trial, but that the courtroom deputy had directed her to sit outside the courtroom where she did not talk with appellant's attorney until the next day. The trial court, however, refused permission for the late endorsement. Trial counsel cannot be deemed ineffective for her failure to endorse this witness in a timely fashion when she was unaware of the existence of this prospective witness. Nor can she be faulted for the trial court's exercise of its discretion denying the late endorsement. Furthermore, the testimony of Regina Corpus would merely have constituted impeachment of the victim Connie West's account of appellant's attack; it would not have provided appellant with a defense. Thus, it does not support a claim of ineffective assistance of counsel. *Accord, Hanes*, 825 S.W.2d at 636.

As for trial counsel's failure to call Humberto Fernandez or Julio Perez, appellant's trial counsel testified at his hearing for post-conviction relief that neither she nor her investigator was able to locate either Fernandez or Perez at the time of trial. Humberto Fernandez did appear at the evidentiary hearing (apparently to the surprise of everyone since he was several hours late) and testified that he could have been located at the time of appellant's trial. However, he also stated that his telephone number was not listed in the telephone directory under his name. Appellant himself admitted at his post-conviction hearing that, at the time of his trial, he did not know where to find Fernandez, knew only that Fernandez lived in St. Louis, and had no contact with Fernandez after appellant's arrest. Appellant testified that his attorney should also have been able to find Julio Perez who was incarcerated in the St. Louis City Workhouse and that Julio Perez was willing to testify for him. Appellant volunteered that Julio Perez could have given information helpful to his defense but did not elaborate on what his testimony would have been. The motion court specifically found the testimony of appellant's trial counsel that appellant had not told her Julio Perez was in the City Workhouse to be more credible than appellant's testimony, and also found that Humberto Fernandez's whereabouts prior to appellant's trial were unknown. Appellant failed to establish that Humberto Fernandez could have been located through reasonable investigation or that Julio Perez's testimony would have provided a viable defense. The motion court's findings and conclusions are not clearly erroneous. Appellant's single issue on his appeal from the denial of post-conviction relief has no merit. The point is denied.

We affirm the judgments of the trial court and the Rule 29.15 motion court.

PUDLOWSKI, P.J., and CRIST, J., concur.