# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-1641EM

———————

| | | |
|---|---|---|
| Allen X. McCarter, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri |
| Michael Bowersox, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |
| | * | |

———————

Submitted:  August 4, 1999

Filed:  August 16, 1999

———————

Before MCMILLIAN, BRIGHT and RICHARD S. ARNOLD, Circuit Judges.

———————

PER CURIAM.

Missouri prisoner Allen X. McCarter appeals the district court's[1] order dismissing his 28 U.S.C. § 2254 petition as untimely.  Because the timeliness question is dispositive, this court ordered the case held in abeyance pending the decision in

———————

[1] The Honorable Terry I. Adelman, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999) (en banc). We conclude that the petition was timely filed and reverse the district court order dismissing the petition.

McCarter was convicted in 1988 of manslaughter and armed criminal action and was sentenced to consecutive prison terms of fifteen years and life. In a consolidated appeal, the Missouri Court of Appeals affirmed the convictions and affirmed the denial of state post-conviction relief. State v. McCarter, 820 S.W.2d 587 (Mo. Ct. App. 1991). McCarter's § 2254 petition challenging the convictions was stamped "received" by the district court on April 30, 1997. The district court granted the state's motion to dismiss McCarter's petition as untimely under 28 U.S.C. § 2244(d)(1) (imposing one-year limitation period for filing § 2254 application).

In a timely motion for reconsideration, McCarter stated that he had deposited his § 2254 motion in the institution's mail box on April 20, 1998 (which is also the date on the signature page of the petition), and that the prison mail log would confirm this. The district court denied the reconsideration motion and McCarter appealed.

We find that the typewritten date and McCarter's signature on his § 2254 motion are sufficient to support the conclusion that the motion was delivered to prison authorities for mailing before April 24, 1997. Cf. United States v. Duke, 50 F.3d 571, 575 (8th Cir.) (relying on signed certificates of service with typewritten dates), cert. denied, 516 U.S. 885 (1995). This conclusion is also supported by McCarter's statements that he placed the motion in the prison mail system on that date and that the prison mailroom log would show this. Although the log is not part of the present record, the state has not contested McCarter's assertion regarding the date he deposited his petition in the prison mail system.

Because his convictions became final before the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), McCarter was entitled to a one-year grace period, the last day of which was April 24, 1997, to file his § 2254 petition. See Ford

v. Bowersox, No. 98-1851, slip op. at 2, 1999 WL 308569 at *1 (8th Cir. May 18, 1999), citing Moore v. United States, 173 F.3d 1131 (8th Cir. 1999). Further, McCarter is entitled to the benefit of the prison mailbox rule. See Nichols v. Bowersox, 172 F.3d at 1077. Thus, McCarter's § 2254 petition deposited in the prison mail system before April 24, 1997, was timely filed.

Accordingly, the district court order dismissing McCarter's § 2254 petition as untimely is reversed. The case is remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.