**STATE of Missouri, Respondent**

v.

**Steven Richard LUCAS, Appellant.**

No. 27779.

Missouri Court of Appeals,
Southern District,
Division One.

April 10, 2007.

Nancy A. McKerrow, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Judge.

Steven R. Lucas (defendant) appeals a judgment of conviction for two class C felonies, statutory sodomy in the second degree, § 566.064,[1] and statutory rape in the second degree, § 566.034. Defendant's sole point on appeal asserts that the trial court erred in denying a motion for continuance he filed April 13, 2006, by which he sought to continue the April 19, 2006, date his case was set for trial. This court affirms.

Information had been filed May 6, 2005, charging defendant with the offenses for which he was tried and found guilty.[2] Defendant's attorney filed a request for discovery May 10, 2005. Defendant was arraigned May 13, 2005. An application for change of judge was filed May 17, 2005. The motion was granted May 18, 2005, and a new judge assigned.

The state filed discovery material May 20, 2005. The trial court's docket sheets list the case as being set for trial or hearing on one or more motions for various dates following the assignment of a new trial judge. On June 20, 2005, defendant appeared by his attorney and a prosecutor appeared on behalf of the state. A docket entry that date states, "At the request of Defendant pretrial motions and/or plea continued to July 18, 2005. Trial set July 27, 2005 and if not heard on that date set August 19, 2005." The July 27 setting and the August 19 setting were later cancelled. Motion for additional discovery was filed by defendant on September 19, 2005.

The April 19, 2006, trial date was set by docket entry dated February 9, 2006. Notices to take depositions were filed on behalf of defendant on March 31 and April 6, 2006. Defendant filed the motion for continuance that is the subject of this appeal on April 13, 2006. The motion sought continuance "in order to attempt to locate an expert witness" followed by the following statements in support of the request.

1. The deposition of the alleged victim in this case was taken on April 11, 2006.

2. During her deposition the alleged victim claimed that defendant began having full insertion sexual intercourse with her commencing when she was 12 until the time that she was removed from defendants' [sic] residence and placed in foster care on or about October 7, 2004.

3. Based on the statements of the alleged victim, defendant would have had to have had full insertion sexual intercourse with her on at least 95 occasions before she was removed from the residence.

4. During a SAFE examination performed on the complaining witness on December 28, 2004, Lee Rodriguez, a nurse practitioner employed by the Children's Center in Joplin indicated that the complaining party had a normal estrogenized hymen and no ransactions, tears or abrasions.

5. In her report of the SAFE examination, Rodriguez reported that the alleged victim's history and behavior was consistent with sexual abuse/assault.

1. References to statutes are to RSMo 2000.

2. An amended information was later filed charging the same offenses. The amendment changed the allegation of the date of the offense of statutory sodomy in the second degree from "on or about September 20, 2004," to "on or between September 20, 2004 and October 7, 2004."

6. In the same report, nurse Rodriguez indicated on the report that there were "no physical findings".

7. Based on the written report, counsel had anticipated that Rodriguez would testify that the lack of damage to the hymen was inconsistent with the level of intercourse alleged by the alleged victim.

8. During nurse Rodriguez's deposition on April 11, 2006, she testified that just because the report indicated "no physical findings" that the lack of physical findings was not inconsistent with the level of intercourse which the alleged victim claimed had occurred and that based on the physical findings, it was just as likely that said level of intercourse had occurred as it was that it had not occurred.

9. It is anticipated that the State will ask nurse Rodriguez to express the same opinion at the trial of this case.

10. While counsel is aware that there is medical literature indicating that a sexual assault need not necessarily cause damage to a victim's hymen, said literature is based on a claim of a single instance or instances of very few acts of intercourse.

11. Defense counsel is aware of no medical literature that would support the theory that a female, especially one of such young years could have engaged in intercourse a minimum of 95 times with no transsection [sic], abrasions or other change in the hymenal tissue, especially in the circumstances of this case where the alleged victim has testified that defendant's penis had been pierced and that he wore a ring or stud in his penis.

. . .

The copy of the motion included in the legal file defendant filed with this court does not include a page 3. The state filed a supplemental legal file that contains a copy of what is certified as "a full, true and complete copy of the

MOTION FOR CONTINUANCE IN ORDER TO LOCATE AN EXPERT WITNESS FILED APRIL 13, 2006

05AO–CR00043–01

ST V STEVEN R LUCAS

entered in the cause therein named, as fully as the same appear [sic] of record . . . ." The copy of the motion included in the state's supplemental legal file continues with paragraphs 12–15 as follows:

12. The primary issue before the jury in this case will be the creditability [sic] of the witnesses, therefore, expert medical testimony as to whether or not the alleged victim's version of the facts is likely to have taken place based on reasonable medical certainty will be crucial to the outcome of the case.

13. Defense counsel has spoken to physicians in the Jasper County area in an attempt to locate a medical expert who would review the reports in this case and one has indicated that he would not be willing to conduct such a review and knew of no one in the area who would conduct such a review. Another doctor has indicated that she would be willing to review the materials, but did not believe that she could render an opinion without conducting her own examination of the complaining witness, and even then, such an examination may not be productive due to the passage of

time since the original exam in December 2004.

14. Obtaining the services of an expert witness to review the case should not be extremely difficult and counsel anticipates that locating an expert witness and having such witness available to testify either in person or by video deposition at the trial of this case could be achieved in no more than 60 days so that the case could be ready for trial by July 2006.

15. The continuance sought by defendant is not for the purpose of delay or harassment, but is due to the fact that defendant is facing a potential sentence of 14 years in this case, plus if convicted he would be required to registere [sic] as a sexual offender, and since creditability [sic] of witnesses is a key issue in this case, the ends of justice would be best met if defendant were given an opportunity to locate an expert witness whose testimony would have a critical impact on the outcome of this case.

**WHEREFORE** defendant prays the court to enter an order continuing this case for a period of 60 days and setting it for trial after the first of July 2006.

. . .

The trial court denied the motion April 17, 2006.

■ "The grant of a motion for continuance rests within the sound discretion of the trial court. [*State v. McCarter*, 820 S.W.2d 587, at 588 (Mo.App.1991)]. It will not be disturbed absent a strong showing of abuse. Id. Before a refusal to grant a continuance will be construed an abuse of discretion, defendant must demonstrate the denial is prejudicial. *Id.*" *State v. Lopez*, 836 S.W.2d 28, 32 (Mo.App.1992).

■ Defendant argues that it was an abuse of discretion for the trial court to deny the motion for continuance to permit defendant time to locate an expert that would counter testimony of the state's witness that the absence of some physical effects to the complaining witness' hymen did not negate the allegation that defendant had intercourse with the alleged victim numerous times since she was 12 years of age. The state's response is two-fold: (1) that defendant's untimeliness in taking the deposition that disclosed the testimony about which he claims surprise was inadequate trial preparation that did not warrant granting a continuance; and (2) that defendant failed to assert particular facts that a witness, if one were found, would prove.

■ As previously noted, the case was filed May 6, 2005. The alleged victim had been examined December 28, 2004, by the nurse practitioner who testified. Defendant did not depose the nurse practitioner until April 11, 2006, although his attorney apparently had possessed a copy of her report for a significant period prior to that time. Defendant's motion for continuance was filed April 13, 2006, a mere six days prior to trial. The trial court could have concluded that defendant's attorney had been afforded ample time to prepare for trial; that any surprise at the testimony that was adduced at the deposition of the nurse practitioner would have been avoided had deposition of the witness been taken at an earlier date and that there had been sufficient time prior thereto when the witness could have been deposed. The record would support that determination. "Inadequate preparation does not justify a continuance where counsel had ample opportunity to prepare." *State v. Taylor*, 944 S.W.2d 925, 930 (Mo.banc 1997).

Further, defendant's motion for continuance did not identify a witness who could testify as defendant desired. Defendant was unable to assert particular facts to which the unknown witness they hoped to find would testify. Defendant's attorney acknowledged that no medical literature had been found on the subject for which he wanted evidence, and his inquiry of local physicians had not produced a potential witness. The record does not reflect that the trial court had information that would have caused it to believe there was a reasonable probability that a witness could be found who would support defendant's position. As such, the trial court did not abuse its discretion by denying defendant's motion for continuance. There was no showing of particular facts known to an absent witness that would have assisted defendant. *See State v. Dodd,* 10 S.W.3d 546, 555 (Mo.App.1999).

◼ A very strong showing is required to prove a trial court abused its discretion in denying a request for continuance. *State v. Wendleton,* 936 S.W.2d 120, 123 (Mo.App.1996). Defendant made no such showing. Defendant's point is denied. The judgment is affirmed.

RAHMEYER, P.J., and SCOTT, J., concur.