**STATE of Missouri, Plaintiff–Respondent,**

v.

**Gerald E. RAYBORN, Defendant–Appellant.**

No. 26635.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 28, 2005.

---

Irene Karns, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Robert J. (Jeff) Bartholomew, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

■ Gerald E. Rayborn ("Appellant") brings this appeal after a jury trial from his convictions for forcible sodomy, felonious restraint, and two counts of armed criminal action. Appellant's sole point on appeal claims trial court error in refusing to declare a mistrial after Appellant alleges a police officer made an impermissible comment on Appellant's silence after being given a *Miranda* warning.[1] We find no merit to Appellant's claims and affirm.

The claimed error consists of one question by the prosecutor and answer by a detective, who had interviewed Appellant after his arrest:

> [Prosecutor]: And after you [gave the *Miranda* warnings], did [Appellant] make any—did he respond in any way to the *Miranda* warning?

1. *Miranda v. Arizona*, 384 U.S. 436, 467–73, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[Officer Allen]: He stated that he would rather—

(Objection and subsequent discussion out of the jury's hearing)

Appellant claims this question and answer implied to the jury that he would "not talk any more," and thus would be an impermissible comment upon Appellant's invocation of his privilege to remain silent or request an attorney. Appellant argues that the only interpretation of the detective's statement implied Appellant's guilt because he refused to communicate further with the detective. Appellant further contends that the prosecutor knew that Appellant had invoked his right to an attorney when the question was asked of the detective.

Appellant's counsel requested a mistrial, but it was denied; Appellant's counsel refused the offer of a limiting instruction. As further relief, the court reversed its earlier denial of a motion to suppress a statement[2] and the prosecutor did not pursue the line of questioning concerning any statements made by Appellant. The Court found the partial answer of Detective Allen to be "ambiguous" and susceptible to different interpretations.

 The trial court's refusal to grant a mistrial is reviewed for abuse of discretion. *State v. Goodwin,* 65 S.W.3d 17, 24 (Mo.App. S.D.2001). A trial court abuses its discretion when its ruling is "clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable persons can differ about the propriety of the trial court's action, it cannot be said that the court abused its discretion." *State v. Roller,* 31 S.W.3d 152, 158 (Mo.App. S.D.2000).

We find the trial court did not abuse its discretion in refusing to grant a mistrial. We do not find that the only conclusion the jury could have reached was that Appellant had invoked his right to remain silent and to have an attorney present. It is pure speculation at this point to determine what the jury thought of the partial answer. Although not asking the most precise question, the prosecutor was entitled at trial to get to his real question concerning the actual, unsolicited statement that Appellant had made on his way out of the interview room. The prosecutor terminated his inquiry about the interview with Appellant and moved to a different area of inquiry. The answer given by the detective was brief and ambiguous with no further comment at any time by the prosecutor. The court offered to advise the jurors to disregard the detective's statement, but the offer was declined by Appellant's counsel. The point is denied and the judgment is affirmed.

PREWITT, P.J., PARRISH, J., concurring.

---

2. The statement which Appellant was alleged to have made while leaving Detective Allen's office was, "I should not have gone to Gary's house. I should not have done what I done."