**STATE of Missouri, Respondent,**

v.

**Robert KIMMELL, Appellant.**

**No. WD 38189.**

Missouri Court of Appeals,
Western District.

Dec. 9, 1986.

Roy W. Brown, Bruce B. Brown, Brown & Brown, Kearney, for appellant.

Robert B. Paden, Pros. Atty., Maysville, for respondent.

Before GAITAN, P.J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Robert Kimmell was found guilty by a jury of driving while intoxicated, first offense. Section 577.010 RSMo (1984 Cum. Supp.).

The court followed the recommendation of the jury and assessed punishment at thirty days in the county jail and a fine of $500.

Kimmell contends the court erred in refusing to allow a defense witness to testify, in admitting the result of a breathalyzer test, and in giving an instruction. Reversed and remanded.

At 1:20 a.m. on May 5, 1985 Kimmell was stopped by Sgt. Wilhoit of the highway patrol, after Wilhoit observed the Kimmell car weaving on the road. After stopping the Kimmell automobile, Wilhoit approached the driver's side. When Kimmell rolled the window down Wilhoit detected a strong odor of intoxicating liquor and requested Kimmell to get out and go to the rear of his automobile. Wilhoit observed Kimmell holding on to the automobile for support as he walked. Wilhoit asked Kimmell to recite the alphabet, and Kimmell was unable to do so. Wilhoit arrested Kimmell for driving while intoxicated. A woman later identified as Cathy Chumpfer was a passenger in the Kimmell automobile at the time of the arrest. After conferring with Chumpfer, Wilhoit allowed her to drive the automobile.

Wilhoit took Kimmell to the Cameron City Hall, where Kimmell consented to take a breathalyzer test. Wilhoit testified that he held a Type III permit, which authorized him to administer the test. Wilhoit completed the operational check list for the breathalyzer at the time he administered the test. The completed check list revealed that Wilhoit followed the rules for the determination of blood alcohol by breath analysis and that the instrument used in the test was functioning properly. Wilhoit testified the test showed there were seventeen one-hundredths of one percent by weight of alcohol in Kimmell's blood.

On the morning of trial Kimmell's counsel told the court that he had just been informed that Kimmell desired to call Chumpfer as a witness. The state had filed a request for discovery asking for the names of the witnesses Kimmell intended to call, but Kimmell had not listed Chumpfer in the response. When Kimmell's counsel stated that he desired to call Chumpfer, the state objected on the ground that she had not been listed in the response to the discovery request. The court sustained the objection and refused to allow Chumpfer to testify. Counsel later made an offer of proof by placing Chumpfer on the stand out of the presence of the jury. Chumpfer testified that she was with Kimmell at the time of the arrest. She denied he was weaving on the road and stated that in her opinion he was not intoxicated.

Kimmell testified that he had had a six-pack of beer prior to his arrest, but denied that he was intoxicated and also denied weaving while driving.

■ The dispositive point on appeal is the court's refusal to allow Chumpfer to testify. This case presented a single, straight-forward issue of whether or not Kimmell was intoxicated while driving. The case was tried in one day and the examination of Chumpfer in the offer of proof revealed that Chumpfer would testify simply that she was with Kimmell and that in her opinion he was not intoxicated. Her testimony did not present any new or unexpected issue that the state would have to address.

Although Sgt. Wilhoit allowed Chumpfer to drive the car from the scene, he testified he did not get her name and address. Nevertheless, Sgt. Wilhoit obviously knew that Chumpfer was a witness with knowledge of Kimmell's condition at the time of arrest.

Rule 25.16 permits the court to exclude evidence that a party has failed to reveal pursuant to a request for discovery. When the rule is applied to exclude witnesses presented by criminal defendants, it presents significant questions concerning the defendant's right to present witnesses

in his defense. *State v. Bashe,* 657 S.W.2d 321, 325 (Mo.App.1983). In *State v. Mansfield,* 637 S.W.2d 699, 703[2] (Mo. banc 1982), the court stated:

> The remedy of disallowing the relevant and material testimony of a defense witness essentially deprives the defendant of his right to call witnesses in his defense. This is not to say it should never be done, but it is certainly a drastic remedy that should be used with the utmost of caution.

Here, the state failed to show any prejudice would result if Chumpfer were allowed to testify. Further, the state made no request to interview Chumpfer before she testified, nor did it make any other request which would allow it to prepare for her appearance. From the testimony of Chumpfer in the offer of proof, it is apparent that a brief conversation with her would have been all the state would have required to prepare for cross-examination. If the state felt it needed more time before Chumpfer testified, it could have requested a short continuance.

The exclusion of testimony as a sanction is to be tested by whether or not such action results in fundamental unfairness to the criminal defendant. *State v. Bashe,* 657 S.W.2d at 325[2]. By excluding the testimony of Chumpfer, the court deprived Kimmell of any evidence except his own testimony. Of course, it is impossible to tell what effect Chumpfer's testimony may have had on the jury, but at least she was a witness who had nothing personally to gain or lose from the trial and she was the only other person present at the scene of the arrest who did not testify. In view of the circumstances of this case, this court finds it was fundamentally unfair to deprive Kimmell of Chumpfer's testimony.

■ Kimmell raises three other points which lend themselves to summary disposition. Kimmell contends there was insufficient foundation for admitting the result of the breathalyzer test. In *Collins v. Director of Revenue,* 691 S.W.2d 246, 253[15–17] (Mo. banc 1985), the Court held that a prima facie case for the introduction of a breathalyzer test result is made by evidence that a certified operator administered the test in accordance with the operating procedures promulgated by the Division of Health. The state's evidence met that requirement, and the result of the breathalyzer test was admissible.

■ Kimmell complains of the giving of MAI–CR2d 3.40. As Kimmell acknowledges in his brief, an instruction in the format of MAI will not be deemed to be erroneous. *State v. Newlon,* 627 S.W.2d 606, 614[8, 9] (Mo. banc 1982), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982).

■ Kimmell finally contends the evidence was insufficient to support a finding that he was driving while intoxicated. This contention is based largely on the assumption that the breathalyzer test result was not admissible. The testimony of Wilhoit concerning his observation and opinion that Kimmell was intoxicated, together with the breathalyzer test result, made a submissible case. *State v. Powers,* 690 S.W.2d 859, 860[1] (Mo.App.1985).

The judgment is reversed and this case is remanded for further proceedings.

GAITAN, J., concurs.

DIXON, J., dissents in separate opinion.

DIXON, Judge, dissenting.

While I agree with the majority's disposition of the issue of whether the defense witness should have been allowed to testify, I feel constrained to dissent on the issue of claimed instructional error. For the reasons stated in my dissents in *State v. Singer,* 719 S.W.2d 818 (Mo.App.1986), and *State v. Brooks,* 721 S.W.2d 8 (Mo.App.1986), I respectfully dissent from the majority opinion on that issue.