STATE of Missouri, Respondent,

v.

Jimmy MASSEY, Sr., Appellant.

Jimmy MASSEY, Sr., Appellant,

v.

STATE of Missouri, Respondent.

Nos. 59313, 62928.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 14, 1993.

Leo N. Griffard, Jr., Sindel & Sindel, P.C., St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Defendant, Jimmy Massey, was found guilty by a jury of first degree murder and armed criminal action and sentenced by the court to life imprisonment without parole and a concurrent term of thirty years. He also filed a post-conviction Rule 29.15 motion which was denied by the trial court. We have consolidated his appeals from both judgments. We reverse and remand for a new trial.

The evidence at trial was that at approximately 4:00 p.m. on May 17, 1989, Howard Meeks was shot to death on Cook Avenue in the City of St. Louis. The State's case against the defendant rested largely on the identification testimony of two eyewitnesses, Elbert Doggan and Theotis Pigge. In May of 1989, Doggan was the resident manager of an apartment complex on Cook Avenue, and Pigge resided in one of the apartments. Both men testified they had seen the defendant, whom neither knew personally, in the area a few times prior to the shooting. They also testified that on the day of the shooting they witnessed the defendant and Meeks arguing and, finally, the defendant shooting the victim.

The defendant testified he was at Connie Harris's residence on Maffitt Avenue preparing for Debra Perry's birthday party and watching his children at the time of the shooting. He said Connie Harris brought lunch to him around noon and did not return until seven o'clock in the evening after she got off work. The defendant testified that Debra Perry brought over dinner some time after three o'clock. He also testified that his daughter, Latanya Massey, returned from school at half past three. The trial court's exclusion of the testimony of Debra Perry and Latanya Massey forms the basis of the dispositive issue on this appeal.

A week before the trial commenced, defendant's attorney answered the State's request for pre-trial discovery as follows:

COMES NOW DEFENDANT JIMMY MASSEY BY AND THROUGH HIS ATTORNEY ELIZABETH R. BROWN AND ENDORSES THE FOLLOWING ALIBI WITNESSES:

1. LATONYA MASSEY
   4209 Kossuth ST. LOUIS, MO
2. CONNIE HARRIS
   4209 Kossuth ST. LOUIS, MO
3. DEBRA PERRY
   4209 Kossuth ST. LOUIS, MO

DEFENDANT WAS AT THE ABOVE ADDRESS BETWEEN MAY 16 AND MAY 18, 1989.

Upon receipt of this disclosure, an investigator for the State went to the address on Kossuth where the three witnesses were all present. The investigators were immediately told by Connie Harris that on the date of the killing they all resided at 4357 Maffitt and the defendant was at that address when the shooting on Cook Avenue occurred. Ms. Perry and Latanya refused to speak unless defendant's attorney was present.

At the trial, after the State had concluded presenting its case, defendant's attorney made an opening statement in which she promised the jury she would produce the three alibi witnesses. Defendant testified that he was at the Maffitt address the entire afternoon and evening of May 17 caring for his asthmatic daughter, LaDonna, who had been released from a hospital the day before. About 3:30 or 4:00 that afternoon, Debra Perry, who was working across the street, brought food to defendant and LaDonna. At about 3:30, his daughter Latanya came home from school. On that afternoon he was wearing a full-leg cast that had been placed on his leg at a hospital about six or seven weeks earlier.

A brief recess was taken after defendant's testimony. Thereafter, another witness testified, and the trial was then recessed for lunch. After lunch, in chambers, the record shows that the assistant circuit attorney made off-the-record objections to proposed defense testimony. The trial court ruled that the defense could not introduce the hospital records showing the cast on defendant's leg because, although the medical record custodian had been endorsed as a witness, defendant's trial attorney had not obtained a copy of the record and had not furnished a copy to the State. Moreover, as a sanction for giving an erroneous address in the alibi disclosure, the trial court precluded the testimony of Debra Perry and Latanya Massey. The court permitted Connie Harris to testify because she had pointed out the mistaken address to the State's investigators.

When a party fails to comply with a discovery rule, the trial court may order disclosure of material and information, grant a continuance, exclude evidence or enter such orders it deems just given the situation. Rule 25.16. The imposition of sanctions provided for in Rule 25.16, including the exclusion of witnesses, remains within the trial court's discretion and will be reversed on appeal only when the sanction results in fundamental unfairness to the defendant. *State v. Lopez*, 836 S.W.2d 28, 32 (Mo.App.1992). The exclusion of an alibi witness as a sanction for a discovery violation is a drastic remedy. *State v. Mansfield*, 637 S.W.2d 699, 703 (Mo. banc 1982). In *Mansfield*, the Missouri Supreme Court stated:

The remedy of disallowing the relevant and material testimony of a defense witness essentially deprives the defendant of his right to call witnesses in his defense. This is not to say it should never be done, but it is certainly a drastic remedy that should be used with the utmost caution.

*Id.* at 703.

In fashioning sanctions or remedies for a discovery violation, generally the focus is the removal or amelioration of any prejudice which the State suffers due to the violation. *See, Mansfield* at 703. Under the facts of this case, it is readily apparent the State suffered no prejudice whatsoever from the mistake in the alibi address. In this regard, the present case is somewhat similar to *State v. Kimmell*, 720 S.W.2d 790 (Mo. App.1986).

In *Kimmell*, the court reversed a conviction of driving while intoxicated because the

trial court, in accordance with Rule 25.16, had disallowed the testimony of a defense witness. The witness was not endorsed until the morning of trial. *Kimmell* at 791. And yet, the State had been aware of the existence of that witness since the time of arrest. *Id.* The witness was not going to testify to any surprising issues. *Id.* Furthermore, the State made no request to interview the witness or prepare for her testimony. *Id.* at 792. The appellate court concluded that the State had failed to show it would be prejudiced if the witness testified. *Id.* at 792.

▆ In the present instance, the defendant's trial counsel endorsed Connie Harris, Latanya Massey and Debra Perry as alibi witnesses. The State received this endorsement on July 16, 1990, eight days before the trial began. The endorsement included an address on Kossuth Avenue where all of the witnesses could be reached. It also stated that the defendant was at that address during the time of the homicide. On July 17, a day after receiving the endorsement, the State's investigator met all three witnesses at the address on Kossuth Avenue. After the investigator explained the nature of his visit, Connie Harris informed him that the witnesses did not live on Kossuth at the time of the homicide. She gave him an address on Maffitt Avenue and told him that was where the defendant was at the time of the homicide. The prospective witnesses refused to discuss the matter any further without the defendant's attorney.

The State would have suffered no prejudice if Latanya Massey and Debra Perry testified. There is no question that well before trial the State was aware that the Kossuth address listed in the endorsement was not the location of the defendant's alibi. Instead, it was located on Maffitt. Although the witnesses did refuse to fully cooperate with the State's investigator, the State did not seek the intercession of defendant's counsel or the trial court in obtaining an interview with these prospective witnesses.

In fact, the State made no objection to these endorsed witnesses during the seven days before trial. The State made no objection to them after they were mentioned in voir dire. The State completed its case-in-chief, sat through the defense's opening statement in which these witnesses were mentioned, sat through the defendant's testimony in which these witnesses were again mentioned, and finally saw fit to object to the discovery violation on July 26—three days into trial. We cannot imagine how the State would be unduly surprised by the substance of the testimony of Debra Perry and Latanya Massey at that point in the trial.

▆ In response, the State maintains that the exclusion of the witnesses' testimony did not prejudice the defendant. The State suggests that the excluded testimony would only have added to the testimony of Connie Harris and the defendant, himself. To determine whether the exclusion of the witnesses' testimony resulted in prejudice, the facts and circumstances of the particular case must be examined including: (1) the nature of the charge; (2) the evidence presented; and (3) the role the excluded evidence would have played in the defense's theory. *Lopez*, 836 S.W.2d at 32.

According to the State's evidence, the shooting occurred around 4 o'clock in the afternoon. The defendant's alibi was that he was at Connie Harris's residence on Maffitt Avenue preparing for Debra Perry's birthday party and watching his children. At trial, Connie Harris testified that she brought lunch to the defendant around noon and did not return until nine o'clock in the evening after she got off work. The defendant testified that Debra Perry brought over dinner some time after three o'clock. He also testified that his daughter, Latanya Massey, returned from school at half past three. Without the testimony of Latanya Massey and Debra Perry, only the defendant's testimony can account for his whereabouts between noon and nine o'clock in the evening—the time frame in which the shooting occurred. The excluded testimony was crucial to the defendant's alibi.

Moreover, the assistant circuit attorney, after obtaining an admission from Ms. Harris that she was not aware of defendant's whereabouts from noon until 9:00 p.m., in his closing argument characterized defendant's alibi as "screwed up".

The standard by which the exclusion of testimony for failure to comply with discovery rules must be tested is whether such action resulted in fundamental unfairness to the defendant. *Lopez,* 836 S.W.2d at 32; *State v. Bowman,* 783 S.W.2d 506, 507 (Mo. App.1990). The facts of this case, where the excluded evidence was crucial to the defense, where the State was fully aware before the trial of the erroneous address, and where the State had ample time and opportunity to prepare for the proposed testimony but chose to sit back and take advantage of counsel's mistake, point unerringly to fundamental unfairness. The exclusion of the testimony of Debra Perry and Latanya Massey was an abuse of trial court discretion.

Moreover, a prosecuting attorney in a criminal case acts as a quasi-judicial officer representing the people of the State; his duty is not to convict at any cost but to see that justice is done and that the accused receives a fair and impartial trial. *State v. Cooper,* 708 S.W.2d 299, 304 (Mo.App.1986). A review of the entire record leads to the conclusion that the assistant circuit attorney, by remaining mute about his awareness of the mistaken address for such a long period, effectively deprived defendant of his alibi defense. At the very least, such conduct raises a question concerning compliance with the prosecutor's ethical duty to see that the defendant receives a fair trial.

It is perhaps ironic that by his own failure to respond to the defendant's request for admissions in his Rule 29.15 motion, the assistant circuit attorney has judicially admitted that the defendant received inadequate representation of trial counsel.

We need not address other issues asserted on appeal. The judgment of the trial court is reversed and the cause is remanded for a new trial.

GRIMM, P.J., and AHRENS, J., concur.