**STATE of Missouri, Plaintiff–Respondent,**

v.

**Wayne R. SHOULTS, Jr., Defendant–Appellant.**

**No. 26005.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 28, 2004.

Nancy A. McKerrow, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Presiding Judge.

Wayne R. Shoults, Jr., (defendant) appeals a judgment of conviction for resisting arrest. § 575.150, RSMo 2000. This court affirms.

On December 31, 2002, Missouri State Highway Patrol Trooper James Mulkey met a car on Highway C in Crawford County. He observed that the car had no front license plate. Trooper Mulkey observed the car in his rearview mirror after it passed him. It also had no rear license plate. Trooper Mulkey turned his patrol car around and overtook the car. He activated his emergency lights. The car accelerated. Trooper Mulkey pursued it.

The driver was the only occupant of the car. When the car did not stop after Trooper Mulkey pulled behind it with his emergency lights activated, he turned on his siren. The car still did not stop. As the officer followed the car, the driver opened its passenger door and threw objects from the car. Trooper Mulkey radioed other officers, reported the location where the objects had been thrown, and requested that the officers retrieve them.

The car Trooper Mulkey was pursuing was speeding and weaving on the roadway, sometimes crossing into the approaching lane of travel. A tractor-trailer pulled off the roadway as the car approached. Trooper Mulkey saw the driver throw a red Playmate-type cooler, a small box "like a Rubbermaid type of box," and other items from the car after it passed the tractor-trailer.

After the car pulled onto another road, Burnett Road, the car stalled. Trooper Mulkey got out of his car and yelled loudly to the driver, telling him to get out of the car. The driver did not respond but got the car back in gear and accelerated. Trooper Mulkey continued the pursuit. The driver threw more objects from the car. He was speeding, driving on both sides of the roadway and sliding into the oncoming traffic lane when he went around curves. The car traveled at speeds that approached 100 miles per hour and ran a stop sign. After it turned onto another road, the trooper fell back about 75 yards. He explained, "As I crested a hill with the pursuit vehicle in front of me, ... I observed ... him trap [sic] off the left side of the road, come back onto the road, enter a broadside slide—slide off the south side of the road, and overturn several times."

Defendant was the driver of the car. He had been ejected from it. Trooper Mulkey found him under a cedar tree about 20 feet from the car. The officer saw defendant was bleeding. He went to his patrol car to retrieve gloves in order to administer first aid. When he went back, defendant was trying to crawl away. Defendant fought Trooper Mulkey while the officer was handcuffing him. Defendant was restrained on a backboard and transported to a hospital by helicopter.

 Defendant's first point on appeal is directed to the trial court permitting the state to introduce items retrieved from the roadway in evidence. Point I asserts the trial court erred in overruling objections defendant made to the introduction of the

items in evidence and in admitting them in evidence "in that the items retrieved were all drug related but whether these items were the same items Trooper Mulkey saw [defendant] throwing from the car during the chase was based on speculation and had no probative value since [defendant] was not charged with a drug offense." He argues that the items "lacked probative value" and their introduction was prejudicial because the jury was allowed to speculate that he was involved in the manufacture of methamphetamine.

■ Defendant's Point I is based on the general rule that uncharged misconduct is inadmissible to show a defendant's propensity to commit the crime charged. *State v. McKibben,* 998 S.W.2d 55, 58 (Mo. App.1999). "This rule is to prevent the jury from convicting the defendant based on his or her propensity to commit such crimes, rather than upon evidence showing that the defendant actually committed the crimes charged." *Id.* at 58–59. There are, however, exceptions to this rule.

> Evidence of uncharged misconduct is admissible if it "tends to establish motive, intent, identity, the absence of mistake or accident, or a common scheme or plan." [*State v.*] *Morrow,* 968 S.W.2d [100] at 107 [ (Mo.banc 1998) ] (quoting [*State v.*] *Harris,* 870 S.W.2d [798] at 810 [ (Mo.banc 1994), cert. denied, 513 U.S. 953, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994) ] ). "[E]vidence of uncharged crimes that are part of the circumstances or the sequence of events surrounding the offense charged" is also admissible "to present a complete and coherent picture of the events that transpired." *Id.* (quoting *Harris,* 870 S.W.2d at 810).

*Id.* at 59. *See also State v. Barrett,* 41 S.W.3d 561, 564 (Mo.App.2001); *State v. Wright,* 934 S.W.2d 575, 583 (Mo.App. 1996).

■ Defendant was charged with resisting arrest based on his flight when Trooper Mulkey attempted to stop him by turning on emergency lights and siren. The throwing of objects from the car occurred during the time Trooper Mulkey pursued defendant. Defendant's actions in throwing the objects from his car were part of the circumstances and sequence of events that surrounded defendant's actions that constituted the offense of resisting arrest. "[T]he state is permitted to paint a complete and coherent picture of the crime charged and it is not required to sift and separate the evidence and exclude the testimony tending to prove the crime for which [a] defendant is not on trial." *State v. King,* 588 S.W.2d 147, 150 (Mo.App. 1979).

■ Point I also argues that the objects admitted in evidence were not shown to be the items thrown from defendant's car, but that the admission of them was based on speculation that the objects admitted in evidence were the same objects thrown from the car. Defendant contends that even if the trial court did not abuse its discretion in allowing Trooper Mulkey to testify about what he saw during his attempt to stop defendant, it was an abuse of discretion to allow the objects recovered along the roadway in evidence.

Trooper Mulkey sought the help of other officers to retrieve objects he saw thrown from defendant's car. He advised the other officers by radio of the locations where he saw defendant throw objects from the car. Items that were recovered from the locations Trooper Mulkey described and that were admitted in evidence were consistent with the description of the objects the officer said he saw thrown from the car.

Additionally, one of the officers who assisted in retrieving the objects testified

that they were not things usually found on the side of a road and were clean as if just recently placed at the locations where they were found. The trial court did not abuse its discretion in admitting in evidence the objects about which defendant complains. Point I is denied.

■ Point II is a claim of plain error directed to the verdict-directing instruction given at trial. Point II contends the trial court committed plain error by giving Instruction No. 5, patterned after MAI CR 3d 329.60, that directed the jury:

> If you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or about 31 December 2002, in the County of Crawford, State of Missouri, James Mulkey was a law enforcement officer, and
>
> Second, that James Mulkey was making an arrest of the defendant for traffic offenses, and
>
> Third, that defendant knew or reasonably should have known that a law enforcement officer was making an arrest of the defendant, and
>
> Fourth, that for the purpose of preventing the law enforcement officer from making the arrest, the defendant resisted by fleeing from the officer, and
>
> Fifth, that defendant fled in such a manner that created a substantial risk of serious physical injury or death to another person or other persons, then you will find defendant guilty of resisting arrest.
>
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
>
> As used in this instruction, the term "serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body.

Point II complains that the giving of Instruction No. 5 was error "in that the Information charged [defendant] with resisting an arrest for felony drug offenses whereas Instruction No. 5 instructed the jury that [defendant] was resisting an arrest for traffic offenses and therefore the instruction fatally varied from the offense charged." The state argues there was no plain error; that the giving of Instruction No. 5 was not plain error because the variance between the information and the instruction was not material or prejudicial because the offense charged by the information was the same as the offense set forth in Instruction No. 5; that whatever variance occurred did not affect defendant's ability to defend against the crime of resisting arrest.

■ At the time Instruction No. 5 was tendered in the form in which it was given, the trial court inquired whether defendant had any objection to it. Defendant's trial attorney replied, "No objections, Your Honor." Defendant did not raise any issue regarding Instruction No. 5 in his motion for new trial. An issue to which no objection is made at trial or in the motion for new trial is not preserved for appellate review. *State v. Tripp*, 939 S.W.2d 513, 519 (Mo.App.1997). Defendant acknowledges this failing by requesting plain error review.

■ "Requests for plain error review are not universally granted. *See, e.g., State v. McMillin*, 783 S.W.2d 82, 98 (Mo. banc 1990), and *State v. Guidorzi*, 895 S.W.2d 225, 231 (Mo.App.1995). 'The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review.' *State v. Val-*

*entine,* 646 S.W.2d 729, 731 (Mo.1983), *citing State v. Davis,* 566 S.W.2d 437, 447 (Mo. banc 1978)." *State v. Kirk,* 918 S.W.2d 307, 309 (Mo.App.1996). "Under the plain error rule, 'Appellant must make a demonstration that manifest injustice or a miscarriage of justice will occur if the error is not corrected.'" *State v. Worthington,* 8 S.W.3d 83, 87 (Mo. banc 1999), *cert. denied,* 529 U.S. 1116, 120 S.Ct. 1978, 146 L.Ed.2d 807 (2000), *quoting State v. Tokar,* 918 S.W.2d 753, 769–70 (Mo. banc), *cert. denied,* 519 U.S. 933, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996).

Defendant's complaint in Point II is founded on the allegation in the information that charged defendant with resisting arrest asserting that Trooper Mulkey "was making an arrest of defendant for felony drug offenses," whereas Instruction No. 5 asserted that to find defendant guilty of resisting arrest, the jury had to find that Trooper Mulkey "was making an arrest of the defendant for traffic offenses." From its review of the record, this court does not find that the variance between the language in the information and the language in Instruction No. 5 facially establishes substantial grounds for believing manifest injustice or miscarriage of justice occurred, i.e., this court does not find, on the face of the defendant's claim, that the trial court committed plain error. *See State v. Hagan,* 113 S.W.3d 260, 267 (Mo.App. 2003). For that reason this court declines to grant plain error review. Point II is denied. The judgment of conviction is affirmed.

BATES, C.J., and BARNEY, J., concur.