**STATE of Missouri, Respondent,**

v.

**Robert Lynn GREEN, Appellant.**

No. SD 31056.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 30, 2012.

Margaret M. Johnston, Columbia, MO, for Appellant.

Chris Koster, Attorney General and Dora A. Fichter, Asst. Attorney General, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Presiding Judge.

Following a bench trial, Robert Lynn Green ("Green") was convicted of child molestation in the first degree and sentenced to five years in the Missouri Department of Corrections. Green contends the trial court plainly erred in permitting a nurse practitioner to testify about statements the minor victim ("H.R.") made to her without first finding the statements were reliable under section 491.075 RSMo Cum.Supp.2008.[1] Finding no merit to Green's claim, we affirm the trial court's judgment.

**Facts and Procedural History**

Green was charged with the class B felony of child molestation in the first degree, in violation of section 566.067. Green waived his right to a trial by jury and a bench trial was held on October 21, 2010. Prior to opening statements, the State filed a notice of intent to introduce oral statements made by H.R. to a nurse practitioner, pursuant to section 491.075. The parties "agreed" the trial court could take the notice "with the evidence in the case as a matter of judicial economy."

Viewed in the light most favorable to the verdict, *State v. Newberry,* 157 S.W.3d 387, 390 (Mo.App. S.D.2005), the evidence at trial showed the following facts relevant to this appeal.

H.R. testified she was twelve years old on July 11, 2004. That day H.R., and a male friend, went to Green's house to see M.J., the daughter of Green's girlfriend. Green told H.R. that M.J. would be home soon, and H.R. and her male friend took turns riding Green's three-wheeler "to pass time." While riding, H.R. touched hot metal on the three-wheeler and burned the inside of her ankle. Green invited H.R. inside his house to treat the burn. Green and H.R. were alone in the house. Green then told H.R. he needed to "finish watching a tape." The television and VCR were located in the living room. Green placed a "black VCR tape into a VHS[,] [a]nd as soon as the TV came on, it was a male and a female having sexual [intercourse]." After seeing the images, H.R. became upset, stood up, and said "I need to go home." Green was standing in front of the door, and asked H.R. about a prior incident when she was molested by her stepfather at age nine. The prior incident involved a gun, and Green's questions scared H.R. Green then pulled down his pants and asked H.R. to touch his penis. H.R. complied for "three to five seconds," and a "little drop of something came out of Green's penis. Green also asked H.R. "is it big for you?" H.R. said "please let me go home[,]" and Green said "you better not tell nobody."

H.R. left Green's house and immediately found her parents at a neighbor's home and told her stepmother what had happened. Her stepmother told her father and her father called the police. The po-

---

1.   All references to statutes are to RSMo.2000, and all references to rules are to Missouri Court Rules (2011) unless otherwise specified.

lice talked to H.R., and H.R. subsequently told "some sort of a counselor" what had happened to her.

Cathy Young ("Nurse Young"), a nurse practitioner doing sexual assault forensic interviewing for the Southeast Missouri Network Against Sexual Violence in Kennett, Missouri, testified she interviewed and examined H.R. on July 13, 2004. Nurse Young had significant "specialized training" and experience in sexual assault forensic interviewing and examination. Only Nurse Young and H.R. were physically present in the interview room during the interview. H.R. "seemed embarrassed" when telling Nurse Young what had happened to her. Over defense counsel's "hearsay" objection, Nurse Young testified to the events as described above. Nurse Young also "noted that there was a burn on [H.R.'s] ankle."

James Aaron Waynick ("Officer Waynick"), an officer with the Kennett Police Department, appeared by deposition. Without objection, Officer Waynick testified H.R. told him that on July 11, 2004:

> [S]he was down the street riding a three[-] or four-wheeler, I believe at Robert Green's house, there close. Said the muffler or something burned her leg and she went in to have Robert look at it or something to that effect. And while she was in the house, she said Robert made [her] touch [his] penis.

On November 1, 2010, the trial court found Green guilty, specifically stating: "I believe the testimony of [H.R.]. I know of no earthly reason she would make this up, go through these humiliating proceedings and, therefore, the Court finds beyond a reasonable doubt Mr. Green is guilty as charged."

In his sole point on appeal, Green contends the trial court plainly erred in permitting Nurse Young to testify about statements H.R. made to her without first finding that the statements were reliable under section 491.075. Green concedes he failed to preserve his point relied on for appeal and as a result, requests plain error review. The issue for our determination is whether the trial court's failure to make an express finding of reliability, pursuant to section 491.075, was plain error that resulted in manifest injustice or a miscarriage of justice.

## Standard of Review

Plain error review is discretionary and involves a two-step analysis. *State v. Jennings*, 322 S.W.3d 598, 601 (Mo.App. S.D.2010). First, this Court considers the facts and circumstances to facially determine if there was plain error— meaning "evident, obvious and clear" error. *Id.* Only if this Court identifies plain error do we proceed to the second step of determining whether manifest injustice, or a miscarriage of justice resulted. *Id.* Appellant has the burden to establish the trial court committed plain error, and that there has been a manifest injustice or a miscarriage of justice. *State v. Royer*, 322 S.W.3d 603, 606 (Mo.App. S.D.2010). Such review is to be used sparingly and does not justify review of every alleged trial error that has not been properly preserved. *State v. Taylor*, 166 S.W.3d 599, 610 (Mo. App. S.D.2005).

## Analysis

Green fails to meet his burden to prove error—plain or otherwise. Although a specific finding of reliability under section 491.075 is preferred, it is not required. *State v. Brethold*, 149 S.W.3d 906, 910–11 (Mo.App. E.D.2004). As is the case here, where there is no specific finding of reliability, the finding is "implicit" when the defendant's objection is overruled and the witness is permitted to testify. *Id.*; *Kierst v. D.D.H.*, 965 S.W.2d 932, 938 (Mo.App.

W.D.1998).[2] Additionally, the record fully supports the trial court's implicit finding of reliability: (1) H.R. promptly reported Green's actions to her parents and the police; (2) Nurse Young was a trained and experienced sexual assault forensic interviewer and examiner; (3) Nurse Young conducted her interview of H.R. two days after Green's actions, and interviewed H.R. alone; and (4) H.R.'s statements to Nurse Young were largely consistent with her statements to others, and Green does not claim otherwise.

Because Green failed to establish plain error, we need not proceed to the second step of plain error review. *See Jennings,* 322 S.W.3d at 601.[3] The trial court did not plainly err in failing to make an express finding of reliability, pursuant to section 491.075. Point denied.

The trial court's judgment is affirmed.

BARNEY and SCOTT, JJ., Concur.

---

2. We also note that a separate formal hearing to determine the reliability of H.R.'s statements to Nurse Young was not necessary because the parties "agreed" the trial court could take the [section 491.075] notice "with the evidence in the case as a matter of judicial economy," and because, even in the absence of an agreement between the parties, a separate formal hearing is not necessary in a trial by the court. *Kierst,* 965 S.W.2d at 938, 941.

3. In his point relied on, and in his argument, Green makes the conclusory assertion that Nurse Young's testimony improperly "bolstered [H.R.'s] testimony," but does not develop those assertions with facts, authority or argument. We decline to review Green's conclusory assertions because it would be inappropriate for us to advocate on Green's behalf by speculating on the exact nature of Green's claim and filling in the gaps in Green's presentation with relevant facts, authority, and reason. *See Boyd v. Boyd,* 134 S.W.3d 820, 822–25 (Mo.App. W.D.2004); *State v. Gaines,* 342 S.W.3d 390, 397 n. 5 (Mo.App. W.D. 2011). We do note that our Supreme Court recently has concluded that "[s]ection 491.075 does not encourage improper bolstering." *State v. Biggs,* 333 S.W.3d 472, 479 (Mo. banc 2011), *cert. denied,* —— U.S. ——, 132 S.Ct. 259, 181 L.Ed.2d 151 (2011).