STATE of Missouri, Respondent,

v.

Beverly DUNCAN, Appellant.

No. SD 31489.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 15, 2012.

Erika R. Eliason, of Columbia, MO, for appellant.

John D. Beger and Brendon Fox, of Rolla, MO, for respondent.

WILLIAM W. FRANCIS, JR., J.

Beverly Duncan ("Duncan") appeals her conviction by a jury for one count of the class B misdemeanor of driving while intoxicated, a violation of section 577.010.[1] Duncan was sentenced by the trial court to ninety days "in the custody of the Sheriff of Phelps County" with execution of that sentence suspended with Duncan placed on two years' probation. In her sole point relied on, Duncan challenges the trial court's exclusion of a witness disclosed to the State on the day of trial. We affirm the judgment and sentence.

**Factual and Procedural Background**

Given the narrow scope of Duncan's appeal, we set forth only those facts necessary to complete our review. Here, Duncan was stopped by a law enforcement officer after failing to bring her "motor scooter" to a complete stop at a stop sign. Upon speaking with Duncan, the officer smelled the odor of intoxicants on her person, noticed Duncan was slurring her speech and, upon questioning, Duncan admitted to the officer she "had had two mixed drinks" prior to driving.[2] Duncan then agreed to perform a number of field sobriety tests. After displaying impairment on each test, Duncan was arrested for driving while intoxicated after which she was transported to the police station where she refused to submit to a breath test.

A trial was scheduled for June 22, 2011. During the pre-trial conference, counsel for Duncan informed the trial court that he had "only recently became aware of [their] desire to have a James Jolliff [ ("Jolliff") ] testify on behalf" of Duncan.[3] Admitting this witness had not been disclosed to the State until that morning, Duncan's counsel related Jolliff "was present in the courthouse, the witness spoke with him, and it [was their] desire to proceed with him as a

---

1. All statutory references are to RSMo 2000.

2. According to Duncan, she had not been drinking on the evening in question and, instead, her roommate had "just … poured his 24–ounce beer all over [her]" during an altercation.

3. Jolliff's name is spelled two different ways in the record and the briefs in this matter. We have chosen to adopt the spelling used by the trial court in the hearing transcript.

witness on behalf of [Duncan]." He informed the trial court that "this witness would testify to—to the jury that he, in fact, had thrown alcohol onto [Duncan] and, in addition, had not seen her drink prior to the stop made in this case." When asked by the trial court why he had not previously disclosed the witness given that the incident at issue occurred almost a year prior to trial, counsel for Duncan explained that "at that point in time we did not know if we were going to use him as a witness and proceeded as if he was not going to be a witness. We have subsequently decided that we'd use him as a witness." The State objected to such a late endorsement especially given the amount of discovery that had taken place in this matter, and the fact that Duncan had even filed supplementary responses to discovery, all without mentioning this potential witness. The trial court then held that its

> perusal of the file shows that both sides requested disclosure, disclosure was answered. [Counsel for Duncan] has sought sanctions or a Motion to Compel against the State for not giving him what he wanted, and this is a witness whose—the determination is whether or not they had any material information could have been made months and months ago. And I think disclosing on the morning of trial is not appropriate, so the witness ... is excluded.

No summation of Jolliff's testimony, or offer of proof to support the late endorsement, appears in the transcript. At the close of the evidence, Duncan was convicted by the jury and sentenced by the trial court as set out above. She now appeals.

The sole issue for our consideration is whether the trial court abused its discretion in sustaining the State's objection to its proposed testimony of Jolliff and in excluding that testimony from the trial.

Duncan argues her constitutional rights were violated by such exclusion because Jolliff's testimony "was relevant and material to [her] defense that she was not intoxicated at the time of the traffic stop" such that it was "fundamentally unfair to exclude this evidence...." She asserts the trial court's exclusion was fundamentally unfair because Jolliff's testimony "would have verified [her] testimony that she smelled like alcohol because [Jolliff] threw alcohol on her and never witnessed her drinking prior to the traffic stop, where [the officer] claimed that he suspected she was intoxicated because she smelled of alcohol."

## Standard of Review

In setting out the standard of review in this matter, we note at the outset that Duncan failed to make an offer of proof as to the substance of Jolliff's potential testimony.

> When a prospective witness is precluded from testifying, the proper procedure is for the person protesting such exclusion to preserve the anticipated evidence by an offer of proof in the form of questions and answers, or a summation by counsel of the proposed testimony, which should also demonstrate why such testimony was admissible.

*State v. Lopez*, 836 S.W.2d 28, 33 (Mo.App. E.D.1992). The offer of proof allows for the record to be preserved for appeal. *State v. Yole*, 136 S.W.3d 175, 178 (Mo. App. W.D.2004). If there is no offer of proof, there is a narrow exception which allows the appellate court to review the exclusion of evidence by the trial court. *State v. Peters*, 186 S.W.3d 774, 781 (Mo. App. W.D.2006). The three-part test for this exception is: (1) "there must be a complete understanding based on the record of what the excluded testimony would have been"; (2) "the objection must be to a

category of evidence rather than to specific testimony"; and (3) "the record must reveal that the evidence would have helped its proponent." *Id.* (quoting *Destin v. Sears, Roebuck & Co.,* 803 S.W.2d 113, 116 (Mo.App. W.D.1990)). Duncan failed to make an offer of proof in this matter and her counsel's vague statements do not pull this matter inside the narrow exception to the rule. Thus, Duncan has not preserved this issue for appellate review.

■ As such, our standard of review, if at all, is for plain error. Rule 30.20.[4] Plain-error review is discretionary and involves a two-step analysis. *State v. Jennings,* 322 S.W.3d 598, 601 (Mo.App. S.D. 2010). First, this Court considers the facts and circumstances to facially determine if there was "evident, obvious and clear" error. *Id.* Only if this Court identifies plain error do we proceed to the second step of determining whether manifest injustice, or a miscarriage of justice resulted. *Id.* The appellant has the burden of proof on plain-error review. *State v. Royer,* 322 S.W.3d 603, 606 (Mo.App. S.D. 2010). Such review is to be used sparingly and does not justify review of every alleged trial error that has not been properly preserved. *State v. Taylor,* 166 S.W.3d 599, 610 (Mo.App. S.D.2005).

## Analysis

■ Discovery rules help eliminate surprise and allow both sides to become aware of trial witnesses and evidence. *State v. Martin,* 103 S.W.3d 255, 260 (Mo. App. W.D.2003). Rule 25.05(A)(2) requires a defendant to disclose any witnesses he or she intends to call to testify as part of the discovery process. Rule 25.18 then provides that when a party fails to comply with a discovery rule, the trial court may order disclosure of material and informa-

tion, grant a continuance, exclude evidence or enter such orders it deems just given the situation. *State v. Massey,* 867 S.W.2d 266, 268 (Mo.App. E.D.1993). "The imposition of sanctions provided for in Rule 25.1[8],[5] including the exclusion of witnesses, remains within the trial court's discretion and will be reversed on appeal only when the sanction results in fundamental unfairness to the defendant." *Id.* Fundamental unfairness exists if there is a reasonable likelihood that the failure to disclose affected the result of the trial. *State v. Rousan,* 961 S.W.2d 831, 843 (Mo. banc 1998).

■ Here, we cannot find error, plain or otherwise, in the trial court's discretionary sanction excluding Jolliff's testimony. There was no offer of proof for us to determine whether the exclusion was fundamentally unfair to Defendant.

Even if we accept defense counsel's indication that Jolliff would have testified that he poured beer on Duncan and that she was not drinking prior to her traffic stop, it would *not* yield error. Despite charges pending for nearly a year prior to trial and the fact Duncan's counsel filed responses to the State's motion for disclosure, the revelation of the name and even the existence of Jolliff, who at least for some time had been Duncan's roommate, did not occur until the morning of trial such that the trial court did not abuse its discretion in denying his late endorsement. *See State v. Jones,* 614 S.W.2d 774, 775 (Mo.App. E.D.1981) (holding the trial court did not abuse its discretion by excluding testimony of a late-endorsed witness where the State requested discovery of witnesses and defense counsel did not advise the State of the name of the witness, until the Thurs-

---

4. All rule references are to Missouri Court Rules (2012).

5. Prior to 2004, current Rule 25.18 was known as Rule 25.16.

day prior to a scheduled trial to be held the following Monday); *State v. Destefano,* 211 S.W.3d 173, 182 (Mo.App. S.D.2007) (holding no abuse of discretion by the trial court in excluding testimony of late-endorsed witness where defense counsel presented the State with "the third answer to the State's request for disclosures on the weekend prior to trial but did not present the State with a copy of the answer [including the name of the late-endorsed witness] until after *voir dire* on the day of trial[.]"). Further, Duncan gave no reasonable justification for late endorsement of the witness at issue and it has been held that the exclusion of testimony may be proper when there is no reasonable justification for the failure to disclose the witness. *Martin,* 103 S.W.3d at 261. Therefore, under the circumstances of this case, the trial court did not abuse its discretion in denying Duncan's request to endorse Jolliff on the morning of the jury trial. There was no evident, obvious and clear error such that Duncan has failed to establish plain error, thus, we need not proceed to the second step of plain-error review. *See Jennings,* 322 S.W.3d at 601. Point denied.

The judgment and sentence of the trial court is affirmed.

GARY W. LYNCH, P.J., and NANCY STEFFEN RAHMEYER, J., concur.